# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JAPAN DISPLAY INC. and PANASONIC LIQUID CRYSTAL DISPLAY CO., LTD., <br><br>  Plaintiffs, <br><br> v. <br><br> TIANMA MICROELECTRONICS CO. LTD., <br><br>  Defendant. | § § § § § § § § § § § § § | C.A. NO. 2:20-cv-00283-JRG <br><br><br> JURY TRIAL DEMANDED |
| JAPAN DISPLAY INC., <br><br>  Plaintiff, <br><br> v. <br><br> TIANMA MICROELECTRONICS CO. LTD., <br><br>  Defendant. | § § § § § § § § § § § § | C.A. NO. 2:20-cv-00284-JRG <br><br><br> JURY TRIAL DEMANDED |
| JAPAN DISPLAY INC., <br><br>  Plaintiff, <br><br> v. <br><br> TIANMA MICROELECTRONICS CO. LTD., <br><br>  Defendant. | § § § § § § § § § § § § § | C.A. NO. 2:20-cv-00285-JRG <br><br><br> JURY TRIAL DEMANDED |

## PROTECTIVE ORDER

WHEREAS, Plaintiffs Japan Display Inc. ("JDI") and Panasonic Liquid Crystal Display

Co., Ltd.'s ("PLD") (collectively "Plaintiffs") and defendant Tianma Microelectronics Co. Ltd.

("Tianma" or "Defendant"), hereafter referred to as "the Parties," believe that certain information

that is or will be encompassed by discovery demands by the Parties involves the production or

1

disclosure of trade secrets, confidential business information, or other proprietary information in the above captioned litigations (the "Action");

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." The words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

CONFIDENTIAL – SOURCE CODE."

2. Any document produced under Patent Rules 2-2, 3-2, or 3-4 before issuance of this Order with the designation "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information, or material designated "CONFIDENTIAL, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") may be made at any time. Inadvertent or unintentional production of

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," both individually and collectively.

documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon, and within two (2) business days notify the producing Party in writing that it has done so.

5. "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

   (a) outside counsel of record in this Action for the Parties;

   (b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

   (c) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

   (d) up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent;

   (e) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and employees of such outside consultants or experts assigned to and reasonably necessary to assist

such outside consultants or experts in this Action, provided that: (1) such consultants or experts are not presently employed by the Parties hereto or a Party's competitor for purposes other than this Action, and is not anticipated to become an employee of a Party or a Party's competitor; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with (i) a current curriculum vitae of the consultant or expert; (ii) identification of the full name of the expert or consultant and the city or state of his or her primary residence; (iii) identification of the expert or consultant's current employer(s); (iv) identification of each person or entity from whom the expert or consultant has received compensation or funding for work in his or her areas of expertise or to whom the expert or consultant has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done; (v) identification (by name and number of the case, filing date, and location of court) of any litigation in connection with which the expert or consultant has offered testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years; and (vi) identification of any patents or patent applications in which the expert or consultant is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. Should the expert or consultant believe any of the information required by this subparagraph is subject to a confidentiality obligation to a third party, then the expert or consultant should provide whatever information he or she believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose the expert or consultant shall be available to meet and confer with the producing Party regarding any such information. The information required by section (2) of this subparagraph shall be provided to the producing Party at least five (5) business days before access to the Protected Material is to be given to that consultant so that the producing Party has an opportunity to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)  independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services (including mock jurors), interpreters or translators (provided such interpreter or translator has also completed the Undertaking attached hereto as Appendix A), and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; provided, however, that no person who is a Party or a director, officer, managing agent, or other employee of a Party or Party's competitor may be retained within the meaning of

5

       this subparagraph; and

  (g)    the Court and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code or files that define or otherwise describe in detail the algorithms or structure of software or hardware designs or live data (*e.g.*, database files or data as it exists residing in a database or databases) ("Source Code Material"), the

producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE."

9. For Protected Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g).

10. For Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE, the following additional restrictions apply:

   (a) Pursuant to the Court's "Standing Order Regarding Pretrial Procedures in Civil Cases Assigned to Chief Judge Rodney Gilstrap During the Present COVID-19 Pandemic," dated April 20, 2020, which "finds that in-person source code review is unduly hazardous" and directs the parties to develop "procedures that will enable the receiving party's authorized personnel (*e.g.*, outside counsel and experts) to review source code during the pandemic without the need for travel or in-person code review," access to a Party's Source Code Material shall be provided in a secure remote viewing environment that is (1) hosted in the United States, (2) navigable in the English language, and (3) simultaneously accessible from an Internet connected device by at least six (6) users of the receiving Party who shall be physically located in the United States;

   (b) The Parties agree to cooperate in good faith to implement remote viewing protocols to maintain the security and integrity of the producing Party's Source Code Material and not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

   (c) The producing Party shall provide the receiving Party with information explaining how to access and operate the remote viewing environment in order to access the produced Source Code Material;

   (d) The producing Party will produce Source Code Material in native format in the remote viewing environment as described above. The producing Party shall install tools that are sufficient for viewing the Source Code Material (including at least KLayout, available at https://www.klayout.de/build.html), printing the Source Code Material to PDF, and taking screenshots of the Source Code Material. The receiving Party's outside counsel or experts/consultants may request that additional commercially available software tools be installed in the remote viewing environment, provided, however, that (1) the receiving Party provides an appropriate license to such software tools; (2) the producing Party approves such software tools; and (3) such other software tools are reasonably necessary for the receiving Party to perform its review of the Source Code Material consistent with

|     |     |
| --- | --- |
|     | all of the protections herein.  The producing Party shall approve reasonable requests for additional software tools.  The receiving Party must provide the producing Party with the CD, DVD, file path, or Advanced Package Tool package containing such licensed software tool(s) at least four (4) business days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use in the remote viewing environment.  The producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software requested by the receiving Party; |
| (e) | Access to Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above, as well as those individuals in paragraphs 5(b), 5(f), and 5(g) above, except that mock jurors shall not have access to Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE; |
| (f) | A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Source Code Material is appropriately designated under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders. To the extent portions of Source Code Material  are included or cited in  any document, information, or material (" Source Code Document") (such as a deposition transcript), either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL –SOURCE CODE or (2) those pages containing the cited Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE; |
| (g) | Except as set forth in paragraph 10(h) and 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents consistent with paragraph 10(f); |
| (h) | The receiving Party shall be permitted to request production of a reasonable number of electronic copies of portions of Source Code Material, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." Using the software available in the remote viewing environment, the receiving Party shall either create PDFs or take electronic screenshots of the portions of |

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

        Source Code Material the receiving Party is requesting and save them in a folder named "Print Requests" with a subfolder identifying the date of the request. The filename of the requests must include identifying information, such as the GDS filename followed by a unique number. The production request shall be served via email identifying the subfolders of the "Print Requests" folder that the receiving Party is requesting to be produced. Within three (3) business days of such request, the producing Party shall electronically produce all such requested Source Code Material endorsed with unique Bates numbers, the filename, and the "HIGHLY CONFIDENTIAL – SOURCE CODE" designation (the "Produced Source Code Materials");

(i)     The receiving Party shall store the electronic Produced Source Code Materials in a secure electronic storage location physically located in the United States that is accessible only by those authorized under paragraphs 5(a) and 5(b) (the receiving Party's outside counsel and relevant employees thereof). Except as permitted by paragraphs 10(f) and 10(k), the electronic Produced Source Code Materials shall not be copied to any other electronic storage location, except temporarily as technically necessary to electronically view the materials (*i.e.*, a temporary copy stored in a viewing computer's memory). The electronic Produced Source Code Materials shall not transmitted by email or transmitted externally;

(j)     The receiving Party shall be allowed to make printouts of the Produced Source Code Materials as reasonably necessary to collaborate between the receiving Party's outside counsel, consultants, or experts, provided that any such printouts shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and treated as such, and the receiving Party maintains a log of all such materials that are printed. Such printouts may only be transported via hand carry, Federal Express or other similarly reliable courier. If the receiving Party's outside counsel, consultants, or experts obtain printouts of the Produced Source Code Materials, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(k)     For the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above, Produced Source Code Material may be loaded onto a stand-alone computer or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") and is at all times subject to the transport restrictions set forth therein.

11.     Any attorney representing a Party and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated HIGHLY

CONFIDENTIAL – SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party in a proceeding that challenges a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, post grant review, covered business method patent review, or *inter partes* review) (collectively, "Validity Challenge Proceedings"). For the further avoidance of doubt, this prosecution bar applies to preparing and/or providing advice, counsel, or suggestions regarding, or in any other way influencing, new or amended claims in connection with proceedings before the Patent and Trademark Appeal Board (PTAB) or United States Patent and Trademark Office, but does not apply to other participation in Validity Challenge Proceedings. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application as described above.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may request the return of such documents, information, or other material by promptly notifying the recipient(s) in writing and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall immediately gather and destroy all copies of such documents, information or other material and shall confirm in writing to the producing Party that it has done so within two (2) business days. In addition, information that contains privileged matter or attorney work product shall be destroyed immediately by the receiving Party if such information appears on its face to have been inadvertently produced, and within two (2) business days notify the producing Party in writing that it has done so. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work product protected document is not a waiver of privilege or protection from discovery in this case or in any other federal proceeding. For example, the mere production of privileged or work product protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.

13. No privileged communications and/or attorney work product that either (1) occurred after the filing of this lawsuit(s) or (2) is between a Party and its counsel of record relating to this litigation, need be identified on a privilege log, except as provided under Patent Rule 3-7 or otherwise agreed by the Parties or ordered by the Court.

14. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 9 and 10(e) of this Order); (vi) an independent contractor, consultant, or expert retained for the purpose of this litigation who has been approved to receive DESIGNATED MATERIAL pursuant to paragraph 5(e) of this Order; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED

MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

17. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

21. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order. A Third Party's use of this Order to protect its trade secrets, confidential business information, or other proprietary information does not entitle that Third Party to access Protected Material produced by any Party in this Action.

US 7395944

22. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

23. Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the receiving Party's election either be returned to the producing Party or be destroyed, and the receiving Party shall verify the return or destruction by letter furnished to the producing Party.  Notwithstanding this provision, outside counsel for the Parties may retain all court papers and exhibits, trial transcripts, trial exhibits, expert reports, depositions transcripts (and exhibits thereto), consultant work product, and attorney work product (but not document productions), provided that any such materials are maintained and protected in accordance with the terms of this Order, but must make reasonable, good faith efforts to redact excerpts of Source Code Materials in any such retained materials.

24. The failure to designate documents, information or material in accordance with this Order

and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **JAPAN DISPLAY INC. and PANASONIC LIQUID CRYSTAL DISPLAY CO., LTD.,** | § § § | |
| **Plaintiffs,** | § § | C.A. NO. 2:20-cv-00283-JRG |
| v. | § § § | |
| **TIANMA MICROELECTRONICS CO. LTD.,** | § § § | JURY TRIAL DEMANDED |
| **Defendant** | § § | |
| **JAPAN DISPLAY INC.,** | § § | |
| **Plaintiff,** | § § § | |
| v. | § § | C.A. NO. 2:20-cv-00284-JRG |
| **TIANMA MICROELECTRONICS CO. LTD.,** | § § § | JURY TRIAL DEMANDED |
| **Defendant.** | § § | |
| **JAPAN DISPLAY INC.,** | § § | |
| **Plaintiff,** | § § § | |
| v. | § § | C.A. NO. 2:20-cv-00285-JRG |
| **TIANMA MICROELECTRONICS CO. LTD.,** | § § § | JURY TRIAL DEMANDED |
| **Defendant.** | § § | |

# APPENDIX A
## UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

       My current occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return or destroy all documents and things designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

       I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____